UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 8:21-CV-391-VMC-SPF

TOBIAS BACANER, M.D, *et al.*,

     Defendant.

_____/

## TOBIAS BACANER AND TOBIAS & JILL BACANER REVOCABLE TRUST'S ANSWER AND AFFIRMATIVE DEFENSES

## ANSWER

Defendant, TOBIAS BACANER, M.D. and TOBIAS & JILL BACANER REVOCABLE TRUST ("Trust"), by and through undersigned counsel, answers the Complaint as follows and, per Federal Rule of Civil Procedure 8(b)(3), denies all allegations of the Complaint not expressly admitted herein:

**PRELIMINARY STATEMENT**

The following matters are incorporated into responses to each paragraph of the Complaint:

A.  Except as otherwise expressly stated herein, Tobias Bacaner and the Trust deny each and every allegation in the Complaint, including any allegations in the preamble, unnumbered paragraphs, subparagraphs, titles, headings, subheadings, table of contents, footnotes, tables, exhibits, and illustrations of the Complaint, and specifically deny liability to Plaintiffs.  To the extent not expressly denied, all

allegations for which Tobias Bacaner and the Trust deny possessing knowledge or information are denied.

B.  The Complaint references statutes, regulations, and other legal and industry standards of general and specific application.  To the extent not indicated belowTobias Bacaner and the Trust do not admit that such laws, regulations, or standards are constitutional, accurately stated, or have application to this case.  To the extent a response to those paragraphs of the Complaint is necessary, all such allegations are denied, and Tobias Bacaner and the Trust reserve the right to challenge the application of any statute, regulation, and other legal and industry standard to this case.

C.  Tobias Bacaner and the Trust submit this Answer and Affirmative Defenses only on behalf of themselves individually.  Where allegations are made against "Defendants" as a group or against any subset (defined or undefined) of defendants, however described, the responses apply only to Tobias Bacaner and the Trust.  Tobias Bacaner and the Trust only answer for themselves and do not purport to answer for any other defendant or entity. Where Tobias Bacaner or the Trust, singularly or collectively, answer for themselves in response to allegations against all defendants or against any subset of defendants without making reference to the remaining defendants, Tobias Bacaner and the Trust are without knowledge or information sufficient to form a belief about the truth of the allegations as to the remaining defendants, and therefore deny the same.

D.  Certain allegations in the Complaint are not directed against Tobias Bacaner or the Trust and therefore do not require a response. The responses below are subject to that limitation, regardless of whether expressly stated or not.

E.  Tobias Bacaner and the Trust reserve the right to seek to amend and supplement its Answer as may be appropriate or necessary.

## INTRODUCTION

1.  Admitted that the United States has sued for injunctive relief and civil penalties.  Denied in all other respects.

2.  Without knowledge, therefore denied.

3.  Admitted that Tobias Bacaner is a medical doctor licensed in Florida. Denied in all other respects.

4.  Without knowledge, therefore denied.

## JURISDICTION AND VENUE

5.  Admitted that this Court has subject matter jurisdiction. Denied in all other respects.

6.  Admitted that this Court has personal jurisdiction over Defendants Tobias Bacaner and the Tobias & Jill Bacaner Revocable Trust, and venue is proper in the Middle District of Florida based only upon the allegations in the Complaint. Denied in all other respects.

## PARTIES

7.  Admitted.

8.   Admitted that Tobias Bacaner is a medical doctor licensed to practice in Florida and Utah and trained and board-certified in general surgery.  Admitted that Tobias Bacaner practiced as a medical doctor at Paragon Clinic beginning in 2014. Denied that Tobias Bacaner is actively licensed in British Columbia and Indiana. Denied to the extent the allegation suggests Tobias Bacaner's practice at Paragon Clinic was limited to pain management.  Denied in all other respects.

9.   Without knowledge, therefore denied.

10.   Admitted that Cobalt Pharmacy, Inc. is licensed by the State of Florida as a retail pharmacy located at 7135 State Road 52, Suite 103, Hudson, FL 34667. Admitted that Dr. Bacaner was an owner individually and then the Trust assumed his ownership stake.  Admitted that Cobalt Pharmacy ceased operations as a pharmacy. Without knowledge in all other respects, and therefore denied.

11.   Admitted.

12.   Admitted.

13.   Denied.

## LEGAL BACKGROUND

## A. The Controlled Substances Act

14.   General legal standard, therefore denied.

15.   General legal standard, therefore denied.

16.   General legal standard, therefore denied.

17.   General legal standard, therefore denied.

18.   General legal standard, therefore denied.

19.  General legal standard, therefore denied.

20.  General legal standard, therefore denied.

21.  General legal standard, therefore denied.

22.  General legal standard, therefore denied.

23.  General legal standard, therefore denied.

24.  General legal standard, therefore denied.

## B. Obligations of Physicians

25.  General legal standard, therefore denied.

26.  Admitted that Dr. Bacaner was registered under DEA No. FB4117695.

Denied in all other respects.

27.  General legal standard, therefore denied.

28.  General legal standard, therefore denied.

29.  General legal standard, therefore denied.

30.  General legal standard, therefore denied.

31.  General legal standard, therefore denied.

32.  General legal standard, therefore denied.

33.  General legal standard, therefore denied.

## C. Obligations of Pharmacies and Pharmacists

34.  Admitted that Cobalt Pharmacy was registered as retail pharmacy under

DEA No.: FC6995748, beginning August 31, 2017.  Denied in all other respects.

35.  General legal standard, therefore denied.

36.  General legal standard, therefore denied.

37.  General legal standard, therefore denied.

38.  General legal standard, therefore denied.

39.  General legal standard, therefore denied.

40.  General legal standard, therefore denied.

41.  General legal standard, therefore denied.

42.  General legal standard, therefore denied.

**D.  "Red Flags" of Opioid Diversion and Abuse**

43.  General legal standard, therefore denied.

44.  General legal standard, therefore denied.

45.  General legal standard, therefore denied.

46.  General legal standard, therefore denied.

**E.  Penalties and Other Remedies for CSA Violations**

47.  General legal standard, therefore denied.

48.  General legal standard, therefore denied.

49.  General legal standard, therefore denied.

50.  General legal standard, therefore denied.

51.  General legal standard, therefore denied.

52.  General legal standard, therefore denied.

**FACTUAL ALLEGATIONS**

53.  Denied.

## A.  The Paragon Clinic

54.  Without knowledge, therefore denied.

55.   Admitted that Dr. Bacaner worked as a physician at Paragon Clinic. Denied in all other respects.

56.  Denied.

57.  Denied.

58.  Without knowledge, therefore denied.

59.  Without knowledge, therefore denied.

## B.  Dr. Bacaner

60.  Denied.

61.  General legal standard, therefore denied.

62.  Denied.

63.  Without knowledge, therefore denied.

64. Denied.

65.  Denied.

66.  Without knowledge, therefore denied.

67.  Denied.

68.  Denied.

69.  Without knowledge, therefore denied.

70.  Denied.

71.  Denied.

72.  Denied.

73.  Without knowledge, therefore denied.

74.  Denied.

75.  Denied.

76.  Denied.

77.  Denied.

78.  Denied.

79.  Without knowledge, therefore denied.

80.  Denied.

81.  Denied.

82.  Denied.

83.  Denied.

## C.  Cobalt Pharmacy

84.  Denied.

85.   Admitted that Dr. Bacaner and later the Trust jointly owned Cobalt Pharmacy with Timothy and Theodore Ferguson.  Denied that Dr. Bacaner or the Trust operated Cobalt Pharmacy.  Without knowledge and therefore denied in all other respects.

86.  Without knowledge, therefore denied.

87.  Without knowledge, therefore denied.

88.  Without knowledge, therefore denied.

89.  Without knowledge, therefore denied.

90.  Denied.

91.  Denied.

92.  Denied.

93.  Denied.

94.  Denied.

95.  Denied.

96.  Denied.

97.  Denied.

98.  Denied.

99.  Denied.

100.  Denied.

101.  Denied.

102.  Denied.

103.  Without knowledge, therefore denied.

104.  Without knowledge, therefore denied.

105.  Without knowledge, therefore denied.

106.  Without knowledge, therefore denied.

107.  Without knowledge, therefore denied.

108.  Denied.

109.  Without knowledge, therefore denied.

110.  Without knowledge, therefore denied.

111.  Without knowledge, therefore denied.

112.  Without knowledge, therefore denied.

113.  Without knowledge, therefore denied.

114.  Without knowledge, therefore denied.

115.  Denied.

116.  Without knowledge, therefore denied.

117.  Without knowledge, therefore denied.

118.  Without knowledge, therefore denied.

119.  Without knowledge, therefore denied.

120.  Without knowledge, therefore denied.

121.  Denied.

122.  Without knowledge, therefore denied.

123.  Without knowledge, therefore denied.

124.  Without knowledge, therefore denied.

125.  Without knowledge, therefore denied.

126.  Without knowledge, therefore denied.

127.  Denied.

**D.  The threat of harm remains despite efforts by the defendants to avoid further law enforcement scrutiny.**

128.  Without knowledge, therefore denied.

129.  Without knowledge, therefore denied.

130.  Admitted that Dr. Bacaner is licensed to practice medicine in Florida and Utah which includes the ability to issue prescriptions for controlled substances. Without knowledge and therefore denied in all other respects.

131.   Admitted that the Trust jointly owned Cobalt Pharmacy with the Fergusons.  Without knowledge and therefore denied in all other respects.

132.  Without knowledge, therefore denied.

133.  Denied.

134.  Denied.

## COUNT I
**Controlled Substances Act**
**21 U.S.C. § 842(a)(1)**
**Civil Penalty Liability – Clinic**

135.  The Defendants restate their answers to paragraphs 1-33, 47-83, and 128-134 as if fully set forth herein.

136.  General legal standard, therefore denied.

137.  Denied.

138.  Denied.

## COUNT II
**Controlled Substances Act**
**21 U.S.C. § 842(a)(1)**
**Civil Penalty Liability – Pharmacy**

139.  The Defendants restate their answers to paragraphs 1-24, 34-52, and 84-134 as if fully set forth herein.

140.  Denied.

141.  Denied.

142.  Denied.

**COUNT III**
**Controlled Substances Act**
**21 U.S.C. § 856**
**Drug Involved Premises – Pharmacy**

143.  The Defendants restate their answers to paragraphs 1-24, 34-52, and 84-134 as if fully set forth herein.

144.  Denied.

145.  Denied.

146.  Denied.

**COUNT IV**
**Controlled Substances Act**
**21 U.S.C. § 856**
**Drug Involved Premises – Clinic**

147.  The Defendants restate their answers to paragraphs 1-33, 47-83, and 128-134 as if fully set forth herein.

148.  Denied.

149.  Denied.

150.  Denied.

**COUNT V**
**Controlled Substances Act**
**21 U.S.C. § 843(f)(1) and 882(a)**
**Permanent Injunctive Relief**

151.  The Defendants restates their answers to paragraphs 1-134 as if fully set forth herein.

152.  General legal standard, therefore denied.

153.  Prayer for relief, therefore denied.

## **DEMAND FOR JURY TRIAL**

Defendant Tobias Bacaner, M.D. and the Trust demand trial by jury of all issues so triable.

## **AFFIRMATIVE DEFENSES**

By asserting the defenses enclosed herein, Tobias Bacaner and the Trust do not allege or admit that they have the burden of proof or persuasion with respect to any asserted defenses. All of the defenses listed will be pled in the alternative, and none constitutes an admission that Tobias Bacaner and the Trust are in any way liable to Plaintiff, that Plaintiff have been or will be injured in any way, or that Plaintiff is entitled to any relief whatsoever. Tobias Bacaner and the Trust assert the following Defenses:

### **First Defense:  Failure to State a Claim Upon Which Relief May be Granted**

The Complaint fails to state a claim upon which relief may be granted and does not allege facts sufficient to state a violation of the statutes alleged or entitle the Plaintiff to a civil penalty or injunctive relief. To the extent that Plaintiff is alleging fraud, fraudulent concealment, or similar conduct, Plaintiff has failed to plead fraud with sufficient particularity.

### **Second Defense:  Illegality**

To the extent any violations occurred, the illegality, fraud, misrepresentations, or criminality of third-parties caused the alleged violations.

### **Third Defense:  Negligence**

To the extent any violations occurred, the negligence of third-parties caused the alleged violations.

## Fourth Defense:  Non-Party Fault

To the extent any violations occurred, the actions of non-parties caused the alleged violations including, but not limited to, harm resulting from pre-existing medical conditions, idiosyncratic reaction to the medications, user error, failing to properly inform, misrepresenting, or omitting necessary health information and other drugs/medication used, misuse of the products involved, failure to use the products properly, and/or alteration or modification of, or criminal misuse or abuse of, the prescribed medications by third parties, and/or other harm that occurred by operation of nature or as a result of circumstances over which Tobias Bacaner and the Trust had and continue to have no control.

## Fifth Defense:  Compliance with Law and Regulations

The conduct of Tobias Bacaner and the Trust conformed with all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant times alleged in the Complaint. To the extent that Plaintiff relies on letters, discussions or other informal guidance from the DEA to establish Defendants' regulatory duties, such informal guidance cannot enlarge regulatory duties in the absence of compliance by DEA with the requirements by the Administrative Procedure Act, 5 U.S.C. §§ 551 et seq.

## Sixth Defense: Known Risks

Plaintiff's claims are barred, in whole or in part, to the extent they are based on alleged harms resulting from known risks or dangers associated with opioid products that are unavoidable even within the scope of prescribed and intended use, but that are reasonable in comparison to the benefits conferred.

## Seventh Defense: Controlling Law

Tobias Bacaner and the Trust are entitled to, and claim the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of this State or any other state whose substantive law might control the action.

## Eighth Defense:  Waiver, Consent and Estoppel

Plaintiff's claims fail insofar as such allegations allege violations of physician standards of practice and DEA, Department of Health, or Board of Pharmacy regulations, procedures, oversight or advice because state and federal regulators granted and have continuously renewed the Defendants' various licenses, permits, and registrations. As such, Plaintiff's claims are barred in whole or in part by waiver, consent, and/or estoppel.

### Ninth Defense:  Due Process

Plaintiff's claims are barred by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution because substantive due process forbids the retroactive imposition of changing and unclear legal interpretations of the pertinent state and federal statutes and regulations sought to be applied by Plaintiffs.

### Tenth Defense:  Causation

Tobias Bacaner and the Trust deny all types of causation, including cause in fact, proximate cause, and producing cause, with respect to the claims asserted.

### Eleventh Defense:  Ex Post Facto

Plaintiffs' claims are barred, in whole or in part, to the extent that they violate the Ex Post Facto clauses of the United States and Florida Constitutions.

### Twelfth Defense:  Industry Customs

Plaintiff's claims are barred to the extent that they are based on alleged violations of industry customs because purported industry customs do not create legal duties on Tobias Bacaner and the Trust.

### Thirteenth Defense: Civil Penalties

Plaintiff's claims for civil penalties are barred or reduced under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. Any law, statute or other authority purporting to permit the recovery of civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in civil penalties; (3) unconstitutionally may permit recovery of civil penalties based on harms to third parties, out of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm to Plaintiffs; (4) unconstitutionally may permit recovery of civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs; (5) unconstitutionally may permit jury consideration of net worth or other financial information of Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of civil penalties; (7) lacks constitutionally sufficient standards for appellate review of any award of civil penalties; and (8) would unconstitutionally impose a penalty, criminal in nature, without according to the Defendants the same

procedural protections that are accorded to criminal defendants under the constitutions of the United States, the State of Florida, and any other state whose laws may apply.

### Fourteenth Defense: Incorporation of Other Affirmative Defenses

Tobias Bacaner and the Trust assert. all applicable defenses under Federal Rule of Civil Procedure 8(c) and 12(b) and incorporates by reference any affirmative defense alleged by another defendant in response to the Complaint.

### Reservation of Rights

Tobias Bacaner and the Trust intend to add and rely upon such other and further defenses as may become apparent or available during the discovery in this action, and reserves the right to amend this list of defenses and/or to Amend its Answer to the Complaint and/or to assert any such defenses in the future.

Respectfully submitted,

TROMBLEY & HANES, P.A.

By: /s/ P. Matthew Luka
P. MATTHEW LUKA
Fla. Bar No. 0555630
RONALD P. HANES
Florida Bar No.  375624
TROMBLEY & HANES, P.A.
707 North Franklin Street, 10th Floor
Tampa, Florida  33602
Telephone: (813) 229-7918
Facsimile: (813) 223-5204
Email: mluka@trombleyhaneslaw.com

*Attorneys for Tobias Bacaner, Tobias & Jill Bacaner Revocable Trust, and Cobalt Pharmacy*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of April 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the parties of record.

/s/ *P. Matthew Luka*
P. MATTHEW LUKA