# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA,

     Plaintiffs,                       Case No.: 8:21-cv-00391-VMC-SPF

v.

TOBIAS BACANER, M.D.,
TOBIAS & JILL BACANER
REVOCABLE TRUST;
THEODORE FERGUSON, II;
TIMOTHY FERGUSON;
PARAGON COMMUNITY
HEALTHCARE, INC.; and
COBALT PHARMACY, INC.

     Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

COBALT PHARMACY, INC., through undersigned counsel, answers and asserts affirmative defenses in response to the United States of America's Complaint under the Controlled Substances Act Preliminary and Permanent Injunctive Relief requested. By liked number paragraphs as follows:

1.    Defendant, COBALT PHARMACY, INC. admits, for jurisdictional purposes only, that the United States of America is seeking injunctive relief and civil penalties for alleged violations of the Controlled Substances Act.

2.    Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore, denies same and demands proof thereof.

3.     Defendant, COBALT PHARMACY, INC. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint as it pertains to Tobias Bacaner, Theodore and Timothy Ferguson and/or Paragon Community Healthcare.  Further Responding, Defendant, COBALT PHARMACY, INC., denies all allegations regarding the distribution of profits to the Fergusons and Dr. Bacaner or charging inflated cash prices.

4.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore, denies same and demands proof thereof.

5.     Defendant, COBALT PHARMACY, INC., admits to the jurisdiction of this Court.

6.     Defendant, COBALT PHARMACY, INC., admits venue is proper in this district.  Further answering, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint and therefore, denies same and demands strict proof thereof.

7.     Defendant, COBALT PHARMACY, INC., admits this claim is being asserted by the United States of America as Plaintiff.

8.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore, denies same and demands proof thereof.

9. Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore, denies same and demands proof thereof.

10. Defendant, COBALT PHARMACY, INC., admits that it is licensed by the State of Florida as a retail pharmacy located at 7135 State Road 52, Suite 103, Hudson, Florida 34667. Defendant, COBALT PHARMCY, INC., further admits that it formally ceased operation as of January 22, 2021, even though no prescription has been dispensed since September 2020. Finally, Defendant, COBALT PHARMACY, INC., admits the pharmacy was owned by Ted and Tim Ferguson and The Tobias & Jill Revocable Trust.

11. Defendant, COBALT PHARMACY, INC., admits Timothy Ferguson had an ownership interest in COBALT PHARMACY. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint.

12. Defendant, COBALT PHARMACY, INC., admits Theodore Ferguson had an ownership interest in COBALT PHARMACY. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint.

13. Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore, denies same and demands proof thereof.

14.     The Controlled Substances Act and its implementing regulations speak for themselves, and therefore no further response is required to paragraph 14.  However, to the extent any response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and therefore denies same and demand strict proof thereof.

15.     Defendant, COBALT PHARMACY, INC., admits the Controlled Substances Act categorizes controlled substance in five schedules.

16.     The Controlled Substances Act and its implementing regulations speak for themselves, and therefore no further response is required to paragraph 16.  However, to the extent any response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and therefore denies same and demand strict proof thereof.

17.     The Controlled Substances Act and its implementing regulations speak for themselves, and therefore no further response is required to paragraph 17.  However, to the extent any response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and therefore denies same and demand strict proof thereof.

18.     The Controlled Substances Act and its implementing regulations speak for themselves, and therefore no further response is required to paragraph 18.  However, to the extent any response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and therefore denies same and demand strict proof thereof.

19.     The Controlled Substances Act and its implementing regulations speak for themselves, and therefore no further response is required to paragraph 19. However, to the extent any response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and therefore denies same and demand strict proof thereof.

20.     The Controlled Substances Act and its implementing regulations speak for themselves, and therefore no further response is required to paragraph 20. However, to the extent any response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and therefore denies same and demand strict proof thereof.

21.     Defendant, COBALT PHARMACY, INC., admits the allegations contained in paragraph 21 of the Complaint.

22.     The Controlled Substances Act and its implementing regulations speak for themselves, and therefore no further response is required to paragraph 22. However, to the extent any response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and therefore denies same and demand strict proof thereof.

23.     The Controlled Substances Act and its implementing regulations speak for themselves, and therefore no further response is required to paragraph 23. However, to the extent any response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and therefore denies same and demand strict proof thereof.

24. The Controlled Substances Act and its implementing regulations speak for themselves, and therefore no further response is required to paragraph 24. However, to the extent any response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and therefore denies same and demand strict proof thereof.

25. The Controlled Substances Act and its implementing regulations speak for themselves, and therefore no further response is required to paragraph 25. However, to the extent any response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and therefore denies same and demand strict proof thereof.

26. Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore, denies same and demands proof thereof.

27. Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 27 of the Complaint.

28. Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 28 of the Complaint.

29. Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and therefore, denies same and demands proof thereof.

30.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and therefore, denies same and demands proof thereof.

31.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and therefore, denies same and demands proof thereof.

32.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and therefore, denies same and demands proof thereof.

33.     Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 33 of the Complaint.

34.     Defendant, COBALT PHARMACY, INC., admits it was registered as retail pharmacy under DEA No.: FC6995748, beginning August 31, 2017.

35.     Defendant, COBALT PHARMACY, INC., admits that employees of a registered pharmacy are not required to maintain a certificate registration with the DEA.

36.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and therefore, denies same and demands proof thereof.

37.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and therefore, denies same and demands proof thereof.

38.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and therefore, denies same and demands proof thereof.

39.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and therefore, denies same and demands proof thereof.

40.     Florida Statute section 893.04(1) speaks for itself and therefore no further response to paragraph 40 is required.  However, to the extent a response may be required, Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41.     Defendant, COBALT PHARMACY, INC., admits that it is required to identify a pharmacist in charge.  The remaining allegations in paragraph 41 are an incomplete summary of the responsibilities of a pharmacist in charge and Defendant therefore denies the remaining allegations contained in paragraph 41.

42.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and therefore, denies same and demands proof thereof.

43.     Defendant, COBALT PHARMACY, INC., denies as untrue the allegations made in paragraph 43 of the Complaint.

44.     Defendant, COBALT PHARMACY, INC., denies as untrue the allegations made in paragraph 44 of the Complaint.

45.     21 United States Code, § 842(a)(1) speaks for itself, therefore no further response is required.  Further Defendant specifically denies the remaining allegations contained in paragraph 45 of the Complaint.

46.     Defendant, COBALT PHARMACY, INC., denies the allegations contained in paragraph 46 of the Compliant.

47.     21 C.F.R. § 1306.04 speaks for itself, therefore no further response is required.  Further Responding, Defendant denies the remaining allegations in paragraph 47 of the Complaint.

48.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and therefore, denies same and demands proof thereof.

49.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and therefore, denies same and demands proof thereof.

50.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and therefore, denies same and demands proof thereof.

51.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and therefore, denies same and demands proof thereof.

52.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and therefore, denies same and demands proof thereof.

53.     Defendant, COBALT PHARMACY, INC., denies that it profited from the illegal dispensing of controlled substances or filled prescriptions without scrutiny for inflated cash prices.  Further Responding, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53 of the Complaint.

54.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and therefore, denies same and demands proof thereof.

55.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and therefore, denies same and demands proof thereof.

56.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint and therefore, denies same and demands proof thereof.

57.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint and therefore, denies same and demands proof thereof.

58. Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint and therefore, denies same and demands proof thereof.

59. Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint and therefore, denies same and demands proof thereof.

60. Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint and therefore, denies same and demands proof thereof.

61. The 2016 CDC Guidelines speak for themselves and therefore no further response is required. However, Defendant, COBALT PHARMACY, INC., further responds denying the remaining allegations in paragraph 61 as they represent an incomplete and inaccurate summary of CDC guidance.

62. Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint and therefore, denies same and demands proof thereof.

63. Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint and therefore, denies same and demands proof thereof.

64. Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint and therefore, denies same and demands proof thereof.

65.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint and therefore, denies same and demands proof thereof.

66.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint and therefore, denies same and demands proof thereof.

67.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint and therefore, denies same and demands proof thereof.

68.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint and therefore, denies same and demands proof thereof.

69.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint and therefore, denies same and demands proof thereof.

70.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint and therefore, denies same and demands proof thereof.

71.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint and therefore, denies same and demands proof thereof.

72.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint and therefore, denies same and demands proof thereof.

73.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint and therefore, denies same and demands proof thereof.

74.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint and therefore, denies same and demands proof thereof.

75.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint and therefore, denies same and demands proof thereof.

76.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint and therefore, denies same and demands proof thereof.

77.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint and therefore, denies same and demands proof thereof.

78.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint and therefore, denies same and demands proof thereof.

79.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint and therefore, denies same and demands proof thereof.

80.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint and therefore, denies same and demands proof thereof.

81.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint and therefore, denies same and demands proof thereof.

82.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint and therefore, denies same and demands proof thereof.

83.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint and therefore, denies same and demands proof thereof.

84.     Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 84 of the Complaint.

85.     Defendant, COBALT PHARMACY, INC., restates its response admitting that the corporation was owned by Timothy and Theodore Ferguson and The Tobias & Jill Revocable Trust.  Defendant denies all remaining allegations in paragraph 85 of the Complaint.

86.    Defendant, COBALT PHARMACY, INC., admits that Timothy and Theodore Ferguson met with DEA diversion investigators prior to the issuing of its Certificate of Registration.  Further Responding, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remaining allegations of paragraph 86 of the Complaint.

87.    Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint and therefore, denies same and demands proof thereof.

88.    Defendant, COBALT PHARMACY, INC., admits it began dispensing controlled substances on March 2, 2018.  Further Responding, COBALT PHARMACY is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 88 and therefore denies same and demands strict proof thereof.

89.    Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint and therefore, denies same and demands proof thereof.

90.    Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 90 of the Complaint.

91.    Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 91 of the Complaint.

92.    Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 92 of the Complaint.

93.     Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 93 of the Complaint.

94.     Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 94 of the Complaint.

95.     Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 95 of the Complaint.

96.     Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 96 of the Complaint.

97.     Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 97 of the Complaint.

98.     Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 98 of the Complaint.

99.     Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 99 of the Complaint.

100.    Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 100 of the Complaint.

101.    Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 101 of the Complaint.

102.    Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 102 of the Complaint.

103.    Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 103 of the Complaint and therefore, denies same and demands strict proof thereof.

104.     Defendant, COBALT PHARMACY, INC., denies the applicability of the 2016 CDC Guidelines as incomplete and inaccurately stated.  Defendant, COBALT PHARMACY, is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 104, and therefore denies same and demands strict proof thereof.

105.     Defendant, COBALT PHARMACY, INC., denies all allegations regarding "red flags".  Further Responding, Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 105 of the Complaint and therefore, denies same and demands strict proof thereof.

106.     Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 106 of the Complaint.

107.     Defendant, COBALT PHARMACY, INC., denies any obligation to record the distance a patient travels to visit a doctor or a pharmacy from their home. Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 107 of the Complaint and therefore, denies same and demands strict proof thereof.

108.     Defendant, COBALT PHARMACY, INC., denies the existence of any "red flags" as described related to patient ZS are imposed by any law governing the

practice of pharmacy in the state of Florida. Further Responding, Defendant, COBALT PHARMACY, INC., denies as untrue the remaining allegations contained in paragraph 108 of the Complaint.

109. Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint and therefore, denies same and demands strict proof thereof.

110. Defendant, COBALT PHARMACY, INC., denies the applicability of the 2016 CDC Guidelines as incomplete and inaccurately stated. Defendant, COBALT PHARMACY, is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 110, and therefore denies same and demands strict proof thereof.

111. Defendant, COBALT PHARMACY, INC., denies all allegations regarding "red flags". Further Responding, Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 111 of the Complaint and therefore, denies same and demands strict proof thereof.

112. Defendant, COBALT PHARMACY, INC., denies as untrue that the combination of opioids with benzodiazepines and muscle relaxers are a "red flag" requiring documented resolution by a pharmacy. Further Responding, Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations contained in paragraph 112 of the Complaint and therefore denies same and demands strict proof thereof.

113.    Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 113 of the Complaint.

114.    Defendant, COBALT PHARMACY, INC., denies any obligation to record the distance a patient travels to visit a doctor or a pharmacy from their home. Defendant, COBAL PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 114 of the Complaint and therefore, denies same and demands strict proof thereof.

115.    Defendant, COBALT PHARMACY, INC., denies the existence of any "red flags" as described related to patient ZS are imposed by any law governing the practice of pharmacy in the state of Florida.  Further Responding, Defendant, COBALT PHARMACY, INC., denies as untrue the remaining allegations contained in paragraph 115 of the Complaint.

116.    Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the Complaint and therefore, denies same and demands strict proof thereof.

117.    Defendant, COBALT PHARMACY, INC., denies the applicability of the 2016 CDC Guidelines as incomplete and inaccurately stated.  Defendant, COBALT PHARMACY, is without knowledge or information sufficient to form a belief as to the

remaining allegations in paragraph 117, and therefore denies same and demands strict proof thereof.

118. Defendant, COBALT PHARMACY, INC., denies all allegations regarding "red flags". Further Responding, Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 118 of the Complaint and therefore, denies same and demands strict proof thereof.

119. Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 119 of the Complaint.

120. Defendant, COBALT PHARMACY, INC., denies as untrue that the combination of opioids with benzodiazepines are a "red flag" requiring documented resolution by a pharmacy. Further Responding, Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 120 of the Complaint and therefore denies same and demands strict proof thereof.

121. Defendant, COBALT PHARMACY, INC., denies the existence of any "red flags" as described related to patient Z.S. are imposed by any law governing the practice of pharmacy in the state of Florida. Further responding, Defendant, COBALT PHARMACY, INC., denies as untrue the remaining allegations contained in paragraph 121 of the Complaint.

122. Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 122 of the Complaint and therefore, denies same and demands strict proof thereof.

123.    Defendant, COBALT PHARMACY, INC., denies the applicability of the 2016 CDC Guidelines as incomplete and inaccurately stated. Defendant, COBALT PHARMACY, is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 123, and therefore denies same and demands strict proof thereof.

124.    Defendant, COBALT PHARMACY, INC., denies all allegations regarding "red flags". Further responding, Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 125 of the Complaint and therefore, denies same and demands strict proof thereof.

125.    Defendant, COBALT PHARMACY, INC., denies as untrue that the combination of opioids with benzodiazepines and muscle relaxers are a "red flag" requiring documented resolution by a pharmacy. Further responding, Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 125 of the Complaint and therefore denies same and demands strict proof thereof.

126.    Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 126 of the Complaint.

127.    Defendant, COBALT PHARMACY, INC., denies the existence of any "red flags" as described related to patient Z.S. are imposed by any law governing the

practice of pharmacy in the state of Florida. Further responding, Defendant, COBALT PHARMACY, INC., denies as untrue the remaining allegations contained in paragraph 127 of the Complaint.

128. Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the Complaint and therefore, denies same and demands strict proof thereof.

129. Defendant, COBALT PHARMACY, INC., admits the allegations contained in paragraph 129 of the Complaint.

130. Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 of the Complaint and therefore, denies same and demands strict proof thereof.

131. Defendant, COBALT PHARMACY, INC., admits it closed and returned its DEA registration on or about January 21, 2021. Further responding, Defendant, COBALT PHARMACY, INC., admits the remaining allegations contained in paragraph 131 of the Complaint.

132. Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 of the Complaint and therefore, denies same and demands strict proof thereof.

133. Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 of the Complaint and therefore, denies same and demands strict proof thereof. As those allegations apply to any Defendant, other than COBALT PHARMACY, INC. Further

responding COBALT PHARMACY, INC., denies as untrue any allegations that it filled (dispensed) illegitimate prescriptions.

134. Defendant, COBALT PHARMACY, INC., denies as untrue that given its current status as reflected in the government's Complaint that absent injunctive relief any irreparable harm, if any, such harm ever existed, will continue if COBALT PHARMACY is permitted to engage in similar conduct in the future as the government has specifically pled that COBALT PHARMACY is closed and after returning its DEA Certificate of Registration is not authorized to dispense controlled substances in the future.

135. Defendant, COBALT PHARMACY, INC., adopts and realleges its responses to paragraphs 1-33, 47-83, and 128-134, as if set forth fully herein.

136. Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 of the Complaint and therefore, denies same and demands strict proof thereof.

137. Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 137 of the Complaint.

138. Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 138 of the Complaint.

139. Defendant, COBALT PHARMACY, INC., adopts and realleges its responses to paragraphs 1-24, 34-52, and 84-134 as if set forth fully herein.

140. Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 140 of the Complaint.

141.    Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 141 of the Complaint.

142.    Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 142 of the Complaint.

143.    Defendant, COBALT PHARMACY, INC., adopts and realleges its responses to paragraphs 1-24, 34-52, and 84-134 as if set forth fully herein.

144.    Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 144 of the Complaint.

145.    Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 145 of the Complaint.

146.    Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 146 of the Complaint.

147.    Defendant, COBALT PHARMACY, INC., adopts and realleges its responses to paragraphs 1-33,47-83, and 128-134 as if set forth fully herein.

148.    Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 148 of the Complaint.

149.    Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 149 of the Complaint.

150.    Defendant, COBALT PHARMACY, INC., denies as untrue the allegations contained in paragraph 150 of the Complaint.

151.    Defendant, COBALT PHARMACY, INC., adopts and realleges its responses to paragraphs 1-134 as if set forth fully herein.

152.     Defendant, COBALT PHARMACY, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 of the Complaint and therefore, denies same and demands strict proof thereof.

153.     Defendant, COBALT PHARMACY, INC., denies the allegations in the Complaint, particularly that the United States is entitled to either preliminary or permanently injunctive relief.

WHEREFORE, the Defendant, COBALT PHARMACY, INC., pray that Plaintiff take nothing by virtue of Counts 1-5 of the Complaint, that Defendant be allowed to go hence without day, and that the Court award to this Defendant the reasonable cost incurred in connection with the defense of this action.  Additionally, Defendant, COBALT PHARMACY, INC., request such other and further relief as the Court determines to be just and proper in the premises.

## DEMAND FOR JURY TRIAL

Defendant, COBALT PHARMACY, INC., demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

By asserting the defenses herein, COBALT PHARMACY, INC. does not allege or admit that they have the burden of proof or persuasion with respect to any asserted defenses. All of the defenses listed will be pled in the alternative, and none constitutes an admission that COBALT PHARMACY, INC. is in any way liable to Plaintiff, that Plaintiff has been or will be injured in any way, or that Plaintiff is entitled to any relief whatsoever. COBALT PHARMACY, INC. asserts the following Defenses:

25

## First Affirmative Defense
## Failure to State a Claim Upon Which Relief May be Granted

The Complaint fails to state a claim upon which relief may be granted and does not allege facts sufficient to state a violation of the statutes alleged or entitle the Plaintiff to a civil penalty or injunctive relief. To the extent that Plaintiff is alleging fraud, fraudulent concealment, or similar conduct, Plaintiff has failed to plead fraud with sufficient particularity.

## Second Affirmative Defense
## Illegality

To the extent any violations occurred, the illegality, fraud, misrepresentations, or criminality of third parties caused the alleged violations.

## Third Affirmative Defense
## Negligence

To the extent any violations occurred, the negligence of third parties caused the alleged violations.

## Fourth Affirmative Defense
## Non-Party Fault

To the extent any violations occurred, the actions of non-parties caused the alleged violations including, but not limited to, harm resulting from pre-existing medical conditions, idiosyncratic reaction to the medications, user error, failing to properly inform, misrepresenting, or omitting necessary health information and other drugs/medication used, misuse of the products involved, failure to use the products properly, and/or alteration or modification of, or criminal misuse or abuse of, the

prescribed medications by third parties, and/or other harm that occurred by operation of nature or as a result of circumstances over which COBALT PHARMACY, INC. had and continues to have no control.

### Fifth Affirmative Defense
### Compliance with Law and Regulations

The conduct of COBALT PHARMACY, INC. conformed with all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant times alleged in the Complaint. To the extent that Plaintiff relies on letters, discussions or other informal guidance from the DEA to establish Defendants' regulatory duties, such informal guidance cannot enlarge regulatory duties in the absence of compliance by DEA with the requirements by the Administrative Procedure Act, 5 U.S.C. §§ 551 et seq.

### Sixth Affirmative Defense
### Known Risks

Plaintiff's claims are barred, in whole or in part, to the extent they are based on alleged harms resulting from known risks or dangers associated with opioid products that are unavoidable even within the scope of prescribed and intended use, but that are reasonable in comparison to the benefits conferred.

### Seventh Affirmative Defense
### Controlling Law

COBALT PHARMACY, INC. are entitled to, and claim the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of this State or any other state whose substantive law might control the action.

## Eighth Affirmative Defense
### Waiver, Consent and Estoppel

Plaintiff's claims fail insofar as such allegations allege violations of physician standards of practice and DEA, Department of Health, or Board of Pharmacy regulations, procedures, oversight or advice because state and federal regulators granted and have continuously renewed the Defendants' various licenses, permits, and registrations. As such, Plaintiff's claims are barred in whole or in part by waiver, consent, and/or estoppel.

## Ninth Affirmative Defense
### Due Process

Plaintiff's claims are barred by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution because substantive due process forbids the retroactive imposition of changing and unclear legal interpretations of the pertinent state and federal statutes and regulations sought to be applied by Plaintiffs.

## Tenth Affirmative Defense
### Causation

COBALT PHARMACY, INC. denies all types of causation, including cause in fact, proximate cause, and producing cause, with respect to the claims asserted.

## Eleventh Affirmative Defense
### Ex Post Facto

Plaintiffs' claims are barred, in whole or in part, to the extent that they violate the Ex Post Facto clauses of the United States and Florida Constitutions.

## Twelfth Affirmative Defense
### Industry Customs

Plaintiff's claims are barred to the extent that they are based on alleged violations of industry customs because purported industry customs do not create legal duties on COBALT PHARMACY, INC.

## Thirteenth Affirmative Defense
### Civil Penalties

Plaintiff's claims for civil penalties are barred or reduced under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. Any law, statute or other authority purporting to permit the recovery of civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in civil penalties; (3) unconstitutionally may permit recovery of civil penalties based on harms to third parties, out of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm to Plaintiffs; (4) unconstitutionally may permit recovery of civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs; (5) unconstitutionally may permit jury consideration of net worth or other financial information of Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of civil penalties; (7) lacks constitutionally sufficient standards for appellate review of any award of civil

penalties; and (8) would unconstitutionally impose a penalty, criminal in nature, without according to the Defendants the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, the State of Florida, and any other state whose laws may apply.

**Fourteenth Affirmative Defense**
**Incorporation of Other Affirmative Defenses**

COBALT PHARMACY, INC. assert all applicable defenses under Federal Rule of Civil Procedure 8(c) and 12(b) and incorporates by reference any affirmative defense alleged by another defendant in response to the Complaint.

**Reservation of Rights**

COBALT PHARMACY, INC. intend to add and rely upon such other and further defenses as may become apparent or available during the discovery in this action and reserves the right to amend this list of defenses and/or to Amend its Answer to the Complaint and/or to assert any such defenses in the future.

Respectfully Submitted,

SISCO-LAW

By: */s/ Dale R. Sisco*
Dale R. Sisco
dsisco@sisco-law.com
Florida Bar No. 559679
Dominic A. Isgro
disgro@sisco-law.com
Florida Bar No. 113318
1110 N. Florida Avenue
Tampa, FL 33602
(813) 224-0555
(813) 221-9736 Facsimile

*-and-*

By: */s/ Ronald P. Hanes*
RONALD P. HANES
Florida Bar No. 375624
TROMBLEY & HANES, P.A.
707 North Franklin Street, 10th Floor
Tampa, Florida 33602
Telephone: (813) 229-7918
Facsimile: (813) 223-5204
Email: rhanes@trombleyhaneslaw.com

*Counsel for Defendant Cobalt Pharmacy, Inc.*

## CERTIFICATE RE: E-FILING AND E-SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically with the Clerk of Court utilizing Florida Court's E-Filing Portal system and in compliance with Florida Rules of Judicial Administration 2.515 and 2.516(3) April 9, 2021, which will automatically transmit an electronic copy to:

LINDSAY SAXE GRIFFIN
Assistant United States Attorney
Florida Bar No. 72761
400 N. Tampa Street
Suite 3200
Tampa, FL 33602
lindsay.griffin@usdoj.gov

SCOTT B. DAHLQUIST
THOMAS S. ROSSO
Trial Attorney/Consumer Protection Branch
US Dept. of Justice
P.O. Box 386
Washington, D.C. 20044
Scott.B.Dahlquist@usdoj.gov
Thomas.S.Rosso@usdoj.gov

P. Matthew Luka
Trombley & Hanes, P.A.
707 N. Franklin Street
10th Floor
Tampa, FL 33602
mluka@trombleyhaneslaw.com

 /s/ *Dale R. Sisco*
Attorney