UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

     Plaintiffs,                              Case No.: 8:21-cv-00391-VMC-SPF

v.

TOBIAS BACANER, M.D.,
TOBIAS & JILL BACANER
REVOCABLE TRUST;
THEODORE FERGUSON, II;
TIMOTHY FERGUSON;
PARAGON COMMUNITY
HEALTHCARE, INC.; and
COBALT PHARMACY, INC.

     Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

PARAGON COMMUNITY HEALTHCARE, INC., TIMOTHY FERGUSON, and THEODORE FERGUSON, II, (collectively "THE PARAGON DEFENDANTS") through undersigned counsel, answer and assert affirmative defenses in response to the United States of America's Complaint under the Controlled Substances Act by liked number paragraphs as follows:

1.    THE PARAGON DEFENDANTS admit, for jurisdictional purposes only, that the United States of America is seeking injunctive relief and civil penalties for alleged violations of the Controlled Substances Act.

2.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore, deny same and demands proof thereof.

3.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.  Further Responding, Defendant, THE PARAGON DEFENDANTS, deny all allegations regarding the distribution of profits to the Fergusons and charging inflated cash prices.

4.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore, deny same and demand proof thereof.

5.     THE PARAGON DEFENDANTS admit to the jurisdiction of this Court.

6.     THE PARAGON DEFENDANTS admit venue is proper in this district. Further answering, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint and therefore, deny same and demand strict proof thereof.

7.     THE PARAGON DEFENDANTS admit this claim is being asserted by the United States of America as Plaintiff.

8.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore, deny same and demand proof thereof.

9.     THE PARAGON DEFENDANTS admit that Paragon Community Healthcare, Inc. is a not-for-profit corporation licensed by the State of Florida with a principal address of 6131 U.S. Highway 19, New Port Richey, Florida.

10.    THE PARAGON DEFENDANTS admit that Cobalt Pharmacy, Inc. is licensed by the State of Florida as a retail pharmacy located at 7135 State Road 52, Suite 103, Hudson, Florida 34667.   THE PARAGON DEFENDANTS are without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 10, and therefore deny same and demand strict proof thereof.

11.    THE PARAGON DEFENDANTS admit Timothy Ferguson had an ownership interest in Paragon Community Healthcare, Inc. and Cobalt Pharmacy.

12.    THE PARAGON DEFENDANTS admit Theodore Ferguson had an ownership interest in Paragon Community Healthcare, Inc. and Cobalt Pharmacy.

13.    THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and therefore deny same and demand strict proof thereof.

14.    The Controlled Substances Act and its implementing regulations speak for themselves, and therefore no further response is required to paragraph 14.  However, to the extent any response is required, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and therefore deny same and demand strict proof thereof.

15.    THE PARAGON DEFENDANTS admit the Controlled Substances Act categorizes controlled substance in five schedules.

16.     The Controlled Substances Act and its implementing regulations speak for themselves, and therefore no further response is required to paragraph 16.  However, to the extent any response is required, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and therefore deny same and demand strict proof thereof.

17.     The Controlled Substances Act and its implementing regulations speak for themselves, and therefore no further response is required to paragraph 17.  However, to the extent any response is required, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and therefore deny same and demand strict proof thereof.

18.     The Controlled Substances Act and its implementing regulations speak for themselves, and therefore no further response is required to paragraph 18.  However, to the extent any response is required, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and therefore deny same and demand strict proof thereof.

19.     The Controlled Substances Act and its implementing regulations speak for themselves, and therefore no further response is required to paragraph 19.  However, to the extent any response is required, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and therefore deny same and demand strict proof thereof.

20.     The Controlled Substances Act and its implementing regulations speak for themselves, and therefore no further response is required to paragraph 20.  However, to

the extent any response is required, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and therefore deny same and demand strict proof thereof.

21.    Defendant, THE PARAGON DEFENDANTS, admit the allegations contained in paragraph 21 of the Complaint.

22.    The Controlled Substances Act and its implementing regulations speak for themselves, and therefore no further response is required to paragraph 22.  However, to the extent any response is required, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and therefore deny same and demand strict proof thereof.

23.    The Controlled Substances Act and its implementing regulations speak for themselves, and therefore no further response is required to paragraph 23.  However, to the extent any response is required, these Defendant are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and therefore deny same and demand strict proof thereof.

24.    The Controlled Substances Act and its implementing regulations speak for themselves, and therefore no further response is required to paragraph 24.  However, to the extent any response is required, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and therefore deny same and demand strict proof thereof.

25.    The Controlled Substances Act and its implementing regulations speak for themselves, and therefore no further response is required to paragraph 25.  However, to

the extent any response is required, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and therefore deny same and demand strict proof thereof.

26.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore, deny same and demand proof thereof.

27.     THE PARAGON DEFENDANTS deny as untrue the allegations contained in paragraph 27 of the Complaint.

28.     THE PARAGON DEFENDANTS deny as untrue the allegations contained in paragraph 28 of the Complaint.

29.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and therefore, deny same and demand proof thereof.

30.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and therefore, deny same and demand proof thereof.

31.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and therefore, deny same and demand proof thereof.

32.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and therefore, deny same and demand proof thereof.

33. THE PARAGON DEFENDANTS deny as untrue the allegations contained in paragraph 33 of the Complaint.

34. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and therefore, deny same and demand proof thereof.

35. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and therefore, deny same and demand proof thereof.

36. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and therefore, deny same and demand proof thereof.

37. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and therefore, deny same and demand proof thereof.

38. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and therefore, deny same and demand proof thereof.

39. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and therefore, deny same and demand proof thereof.

40. Florida Statute section 893.04(1) speaks for itself and therefore no further response to paragraph 40 is required. However, to the extent a response may be required,

THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and therefore, deny same and demand proof thereof.

42. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and therefore, deny same and demand proof thereof.

43. THE PARAGON DEFENDANTS deny as untrue the allegations made in paragraph 43 of the Complaint.

44. THE PARAGON DEFENDANTS deny as untrue the allegations made in paragraph 44 of the Complaint.

45. 21 United States Code, § 842(a)(1) speaks for itself, therefore no further response is required. Further answering, THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 45 of the Complaint and therefore, deny same and demand proof thereof.

46. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and therefore, deny same and demand proof thereof.

47. 21 C.F.R. § 1306.04 speaks for itself, therefore no further response is required. Further Responding, THE PARAGON DEFENDANTS are without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47 of the Complaint and therefore, deny same and demand proof thereof.

48.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and therefore, deny same and demand proof thereof.

49.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and therefore, deny same and demand proof thereof.

50.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and therefore, deny same and demand proof thereof.

51.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and therefore, deny same and demand proof thereof.

52.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and therefore, deny same and demand proof thereof.

53.     THE PARAGON DEFENDANTS deny as untrue the allegations contained in paragraph 53 of the Complaint.

54.     THE PARAGON DEFENDANTS admit Timothy and Theodore Ferguson have ownership interests in Paragon Community Healthcare, Inc. All remaining allegations contained in paragraph 54 of the Complaint are denied.

55.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and therefore, deny same and demand proof thereof.

56.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint and therefore, deny same and demand proof thereof.

57.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint and therefore, deny same and demand proof thereof.

58.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint and therefore, deny same and demand proof thereof.

59.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint and therefore, deny same and demand proof thereof.

60.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint and therefore, deny same and demand proof thereof.

61.     The 2016 CDC Guidelines speak for themselves and therefore no further response is required.  However, THE PARAGON DEFENDANTS further respond denying the remaining allegations in paragraph 61 as they represent an incomplete and inaccurate summary of CDC guidance.

62.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint and therefore, deny same and demand proof thereof.

63.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint and therefore, deny same and demand proof thereof.

64.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint and therefore, deny same and demand proof thereof.

65.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint and therefore, deny same and demand proof thereof.

66.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint and therefore, deny same and demand proof thereof.

67.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint and therefore, deny same and demand proof thereof.

68.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint and therefore, deny same and demand proof thereof.

69.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint and therefore, deny same and demand proof thereof.

70.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint and therefore, deny same and demand proof thereof.

71.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint and therefore, deny same and demand proof thereof.

72.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint and therefore, deny same and demand proof thereof.

73.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint and therefore, deny same and demand proof thereof.

74.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint and therefore, deny same and demand proof thereof.

75.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint and therefore, deny same and demand proof thereof.

76.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint and therefore, deny same and demand proof thereof.

77.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint and therefore, deny same and demand proof thereof.

78.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint and therefore, deny same and demand proof thereof.

79.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint and therefore, deny same and demand proof thereof.

80.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint and therefore, deny same and demand proof thereof.

81.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint and therefore, deny same and demand proof thereof.

82.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint and therefore, deny same and demand proof thereof.

83.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint and therefore, deny same and demand proof thereof.

84.     THE PARAGON DEFENDANTS deny as untrue the allegations contained in paragraph 84 of the Complaint.

85.     THE PARAGON DEFENDANTS restates its response admitting that Cobalt Pharmacy was owned in part by Timothy and Theodore Ferguson.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 85 of the Complaint, and therefore deny same and demand strict proof thereof.

86.     THE PARAGON DEFENDANTS admit that Timothy and Theodore Ferguson met with DEA diversion investigators prior to the issuance of a Certificate of Registration to Cobalt Pharmacy.  Further responding, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 86 of the Complaint, and therefore deny same and demand strict proof thereof.

87.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint and therefore, deny same and demand proof thereof.

88.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 and therefore deny same and demand strict proof thereof.

89.     Defendant, THE PARAGON DEFENDANTS, are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint and therefore, deny same and demands proof thereof.

90.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint and therefore deny same and demand strict proof thereof.

91.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Complaint and therefore deny same and demand strict proof thereof.

92.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint and therefore deny same and demand strict proof thereof.

93.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint and therefore deny same and demand strict proof thereof.

94.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint and therefore deny same and demand strict proof thereof.

95. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint and therefore deny same and demand strict proof thereof.

96. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint and therefore deny same and demand strict proof thereof.

97. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint and therefore deny same and demand strict proof thereof.

98. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Complaint and therefore deny same and demand strict proof thereof.

99. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Complaint and therefore deny same and demand strict proof thereof.

100. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Complaint and therefore deny same and demand strict proof thereof.

101. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Complaint and therefore deny same and demand strict proof thereof.

102.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint and therefore deny same and demand strict proof thereof.

103.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint and therefore deny same and demand strict proof thereof.

104.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint and therefore deny same and demand strict proof thereof.

105.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint and therefore deny same and demand strict proof thereof.

106.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint and therefore deny same and demand strict proof thereof.

107.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint and therefore deny same and demand strict proof thereof.

108.     THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Complaint and therefore deny same and demand strict proof thereof.

109. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint and therefore deny same and demand strict proof thereof.

110. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Complaint and therefore deny same and demand strict proof thereof.

111. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Complaint and therefore deny same and demand strict proof thereof.

112. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Complaint and therefore deny same and demand strict proof thereof.

113. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the Complaint and therefore deny same and demand strict proof thereof.

114. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the Complaint and therefore deny same and demand strict proof thereof.

115. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 of the Complaint and therefore deny same and demand strict proof thereof.

116.    THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the Complaint and therefore deny same and demand strict proof thereof.

117.    THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Complaint and therefore deny same and demand strict proof thereof.

118.    THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the Complaint and therefore deny same and demand strict proof thereof.

119.    THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the Complaint and therefore deny same and demand strict proof thereof.

120.    THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of the Complaint and therefore deny same and demand strict proof thereof.

121.    THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of the Complaint and therefore deny same and demand strict proof thereof.

122.    THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 of the Complaint and therefore deny same and demand strict proof thereof.

123.	THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of the Complaint and therefore deny same and demand strict proof thereof.

124.	THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 of the Complaint and therefore deny same and demand strict proof thereof.

125.	THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the Complaint and therefore deny same and demand strict proof thereof.

126.	THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of the Complaint and therefore deny same and demand strict proof thereof.

127.	THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of the Complaint and therefore deny same and demand strict proof thereof.

128.	THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the Complaint and therefore, deny same and demand strict proof thereof.

129.	THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 of the Complaint and therefore, deny same and demand strict proof thereof.

130. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 of the Complaint and therefore, deny same and demand strict proof thereof.

131. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 of the Complaint and therefore, deny same and demand strict proof thereof.

132. THE PARAGON DEFENDANTS admit Timothy Ferguson and Theodore Ferguson have ownership interests in Paragon Community Healthcare, Inc. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 132 of the Complaint and therefore, deny same and demand strict proof thereof.

133. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 of the Complaint and therefore, deny same and demand strict proof thereof.

134. THE PARAGON DEFENDANTS deny as untrue all allegations contained in paragraph 134 of the Complaint.

135. THE PARAGON DEFENDANTS adopt and reallege its responses to paragraphs 1-33, 47-83, and 128-134, as if set forth fully herein.

136. THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 of the Complaint and therefore, deny same and demand strict proof thereof.

137. THE PARAGON DEFENDANTS deny as untrue the allegations contained in paragraph 137 of the Complaint.

138. THE PARAGON DEFENDANTS deny as untrue the allegations contained in paragraph 138 of the Complaint.

139. THE PARAGON DEFENDANTS adopt and reallege their responses to paragraphs 1-24, 34-52, and 84-134 as if set forth fully herein.

140. THE PARAGON DEFENDANTS deny as untrue the allegations contained in paragraph 140 of the Complaint.

141. THE PARAGON DEFENDANTS deny as untrue the allegations contained in paragraph 141 of the Complaint.

142. THE PARAGON DEFENDANTS deny as untrue the allegations contained in paragraph 142 of the Complaint.

143. THE PARAGON DEFENDANTS adopt and reallege their responses to paragraphs 1-24, 34-52, and 84-134 as if set forth fully herein.

144. THE PARAGON DEFENDANTS deny as untrue the allegations contained in paragraph 144 of the Complaint.

145. THE PARAGON DEFENDANTS deny as untrue the allegations contained in paragraph 145 of the Complaint.

146. THE PARAGON DEFENDANTS deny as untrue the allegations contained in paragraph 146 of the Complaint.

147. THE PARAGON DEFENDANTS adopt and reallege their responses to paragraphs 1-33,47-83, and 128-134 as if set forth fully herein.

148.    THE PARAGON DEFENDANTS deny as untrue the allegations contained in paragraph 148 of the Complaint.

149.    THE PARAGON DEFENDANTS deny as untrue the allegations contained in paragraph 149 of the Complaint.

150.    THE PARAGON DEFENDANTS deny as untrue the allegations contained in paragraph 150 of the Complaint.

151.    THE PARAGON DEFENDANTS adopt and reallege their responses to paragraphs 1-134 as if set forth fully herein.

152.    THE PARAGON DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 of the Complaint and therefore, deny same and demand strict proof thereof.

153.    THE PARAGON DEFENDANTS deny the allegations in the Complaint, and particularly that the United States is entitled to either preliminary or permanent injunctive relief.

WHEREFORE, THE PARAGON DEFENDANTS, pray that Plaintiff take nothing by virtue of Counts 1-5 of the Complaint, that Defendants be allowed to go hence without day, and that the Court award to these Defendants the reasonable costs incurred in connection with the defense of this action.    Additionally, THE PARAGON DEFENDANTS request such other and further relief as the Court determines to be just and proper in the premises.

## DEMAND FOR JURY TRIAL

THE PARAGON DEFENDANTS demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

By asserting the defenses herein, THE PARAGON DEFENDANTS do not allege or admit that they have the burden of proof or persuasion with respect to any asserted defenses. All of the defenses listed will be pled in the alternative, and none constitutes an admission that THE PARAGON DEFENDANTS are in any way liable to Plaintiff, that Plaintiff have been or will be injured in any way, or that Plaintiff is entitled to any relief whatsoever. THE PARAGON DEFENDANTS assert the following Defenses:

### First Affirmative Defense
### Failure to State a Claim Upon Which Relief May be Granted

The Complaint fails to state a claim upon which relief may be granted and does not allege facts sufficient to state a violation of the statutes alleged or entitle the Plaintiff to a civil penalty or injunctive relief. To the extent that Plaintiff is alleging fraud, fraudulent concealment, or similar conduct, Plaintiff has failed to plead fraud with sufficient particularity.

### Second Affirmative Defense
### Illegality

To the extent any violations occurred, the illegality, fraud, misrepresentations, or criminality of third parties caused the alleged violations.

### Third Affirmative Defense
### Negligence

To the extent any violations occurred, the negligence of third parties caused the alleged violations.

## Fourth Affirmative Defense
## Non-Party Fault

To the extent any violations occurred, the actions of non-parties caused the alleged violations including, but not limited to, harm resulting from pre-existing medical conditions, idiosyncratic reaction to the medications, user error, failing to properly inform, misrepresenting, or omitting necessary health information and other drugs/medication used, misuse of the products involved, failure to use the products properly, and/or alteration or modification of, or criminal misuse or abuse of, the prescribed medications by third parties, and/or other harm that occurred by operation of nature or as a result of circumstances over which THE PARAGON DEFENDANTS had and continue to have no control.

## Fifth Affirmative Defense
## Compliance with Law and Regulations

The conduct of THE PARAGON DEFENDANTS conformed with all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant times alleged in the Complaint. To the extent that Plaintiff relies on letters, discussions or other informal guidance from the DEA to establish Defendants' regulatory duties, such informal guidance cannot enlarge regulatory duties in the absence of compliance by DEA with the requirements by the Administrative Procedure Act, 5 U.S.C. §§ 551 et seq.

## Sixth Affirmative Defense
## Known Risks

Known Risks Plaintiff's claims are barred, in whole or in part, to the extent they are

based on alleged harms resulting from known risks or dangers associated with opioid products that are unavoidable even within the scope of prescribed and intended use, but that are reasonable in comparison to the benefits conferred.

## Seventh Affirmative Defense
### Controlling Law

THE PARAGON DEFENDANTS are entitled to, and claim the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of this State or any other state whose substantive law might control the action.

## Eighth Affirmative Defense
### Waiver, Consent and Estoppel

Plaintiff's claims fail insofar as such allegations allege violations of physician standards of practice and DEA, Department of Health, or Board of Pharmacy regulations, procedures, oversight or advice because state and federal regulators granted and have continuously renewed the Defendants' various licenses, permits, and registrations. As such, Plaintiff's claims are barred in whole or in part by waiver, consent, and/or estoppel.

## Eighth Affirmative Defense
### Waiver, Consent and Estoppel

Plaintiff's claims are barred by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution because substantive due process forbids the retroactive imposition of changing and unclear legal interpretations of the pertinent state and federal statutes and regulations sought to be applied by Plaintiffs.

### Tenth Affirmative Defense
**Causation**

THE PARAGON DEFENDANTS deny all types of causation, including cause in fact, proximate cause, and producing cause, with respect to the claims asserted.

### Eleventh Affirmative Defense
**Ex Post Facto**

Plaintiffs' claims are barred, in whole or in part, to the extent that they violate the Ex Post Facto clauses of the United States and Florida Constitutions.

### Twelfth Affirmative Defense
**Industry Customs**

Plaintiff's claims are barred to the extent that they are based on alleged violations of industry customs because purported industry customs do not create legal duties on THE PARAGON DEFENDANTS.

### Thirteenth Affirmative Defense
**Civil Penalties**

Plaintiff's claims for civil penalties are barred or reduced under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. Any law, statute or other authority purporting to permit the recovery of civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in civil penalties; (3) unconstitutionally may permit recovery of civil

penalties based on harms to third parties, out of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm to Plaintiffs; (4) unconstitutionally may permit recovery of civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs; (5) unconstitutionally may permit jury consideration of net worth or other financial information of Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of civil penalties; (7) lacks constitutionally sufficient standards for appellate review of any award of civil penalties; and (8) would unconstitutionally impose a penalty, criminal in nature, without according to the Defendants the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, the State of Florida, and any other state whose laws may apply.

## Fourteenth Affirmative Defense
### Incorporation of Other Affirmative Defenses

THE PARAGON DEFENDANTS assert. all applicable defenses under Federal Rule of Civil Procedure 8(c) and 12(b) and incorporates by reference any affirmative defense alleged by another defendant in response to the Complaint.

## Reservation of Rights

THE PARAGON DEFENDANTS intend to add and rely upon such other and further defenses as may become apparent or available during the discovery in this action, and reserves the right to amend this list of defenses and/or to Amend its Answer to the Complaint and/or to assert any such defenses in the future.

Respectfully Submitted,

SISCO-LAW

By: */s/ Dale R. Sisco*
Dale R. Sisco
dsisco@sisco-law.com
Florida Bar No. 559679
Dominic A. Isgro
disgro@sisco-law.com
Florida Bar No. 113318
1110 N. Florida Avenue
Tampa, FL  33602
(813) 224-0555
(813) 221-9736 Facsimile
*Counsel for Defendants Theodore Ferguson, II,*
*Timothy Ferguson, Paragon Community*
*Healthcare, Inc. and Cobalt Pharmacy, Inc.*

## CERTIFICATE RE: E-FILING AND E-SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically with the Clerk of Court utilizing Florida Court's E-Filing Portal system and in compliance with Florida Rules of Judicial Administration 2.515 and 2.516(3) April 9, 2021, which will automatically transmit an electronic copy to:

LINDSAY SAXE GRIFFIN
Assistant United States Attorney
Florida Bar No. 72761
400 N. Tampa Street
Suite 3200
Tampa, FL 33602
lindsay.griffin@usdoj.gov

SCOTT B. DAHLQUIST
THOMAS S. ROSSO
Trial Attorney/Consumer Protection Branch
US Dept. of Justice
P.O. Box 386
Washington, D.C. 20044
Scott.B.Dahlquist@usdoj.gov
Thomas.S.Rosso@usdoj.gov

P. Matthew Luka
Ronald P. Hanes
Trombley & Hanes, P.A.
707 N. Franklin Street
10th Floor
Tampa, FL 33602
mluka@trombleyhaneslaw.com
rhanes@trombleyhaneslaw.com

/s/ Dale R. Sisco
Attorney