UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                      Case No. 8:21-cv-391-VMC-SPF

TOBIAS BACANER, M.D., et al.,

    Defendants.
_____/

### ORDER

This matter comes before the Court upon consideration of Plaintiff the United States of America's Motion to Strike Dr. Daniel E. Buffington's Expert Report and Exclude his Testimony. (Doc. # 106). Defendants Paragon Community Healthcare, Inc., Cobalt Pharmacy, Inc., Theodore Ferguson, II, and Timothy Ferguson (the "Paragon Defendants") have filed a response in opposition. (Doc. # 110). For the reasons that follow, the Motion is granted.

## I.   Background

This case involves allegations that the Defendants unlawfully distributed and dispensed controlled substances out of their pain management clinic. (Doc. # 1). On October 26, 2021, the Paragon Defendants served their expert disclosure, which identified Dr. Daniel Buffington and attached his expert report. The substantive part of Dr. Buffington's report is less than three pages long and purports to convey his opinions regarding seven topics: (1) the

1

standard of care for pharmacists in the state of Florida; (2) that Cobalt Pharmacy and its staff did not deviate from the prevailing standard of care; (3) that the prescription "of combinations of opioids with benzodiazepines is a common practice to address known side effects of effective pain medications and other comorbid conditions [and] [f]illing a prescription of these combinations of drugs, in and of themselves, is not a violation of the standard of care"; (4) that Cobalt Pharmacy complied with all Florida regulations and "did not deviate from the prevailing standard of care during its drug utilization review"; (5) "the morphine milligram equivalency ('MME') and morphine equivalent dose ('MED') and [] how drug selection and dosing of opioids for pain management is individualized to the unique needs of each patient"; (6) that there are no geographical restrictions on dispensing within Florida and so the distances between Cobalt Pharmacy and the addresses of patients was not suspicious; and (7) that it is not a deviation from the standard of care for a pharmacy to accept cash payments from patients. (Doc. # 106-1 at 1-7).

The United States has moved to strike Dr. Buffington's report and exclude him as a witness in this case, arguing that the report "merely outlines in conclusory fashion the opinions Dr. Buffington anticipates testifying about without identifying the basis or reasons for them, including any specific facts or evidence that he relied on . . ., or the logical foundation that led him to his

conclusions." (Doc. # 106 at 1-2). The Paragon Defendants respond that the report meets the "basic requirements" of Rule 26(a)(2)(B). (Doc. # 110). They argue that Dr. Buffington's allusions to the pleadings and discovery in this case are appropriate because the government is well aware of the documents that were produced in discovery and so there can be no "genuine surprise to the government." (Id. at 4). The Motion is ripe for review.

## II.  **Discussion**

Expert report disclosures are governed by Federal Rule of Civil Procedure 26. Rule 26(a)(2) requires a party to disclose to the other parties the identity of any expert witness it may use at trial to present evidence and, "[e]xcept as otherwise stipulated or directed by the court, this disclosure shall . . . be accompanied by a written report prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2). The expert's written report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.[1]

---

[1] While the government also takes issue with the omission of Dr. Buffington's testimonial history from the report, the Paragon

Fed. R. Civ. P. 26(a)(2)(B).

While Rule 26(a)(2)(B) "does not require that a report recite each minute fact or piece of scientific information that might be elicited on direct examination" it must be "detailed enough to provide the opposing party an opportunity to adequately cross examine the expert[.]" <u>Kleiman v. Wright</u>, No. 18-CV-80176, 2020 WL 6729362, at *5 (S.D. Fla. Nov. 16, 2020).

Here, Dr. Buffington's expert report does not comply with Rule 26(a)(2)(B)(i) and (ii)'s requirements that the expert provide the basis or reasons for his proffered opinions and the facts or data considered in forming them. Instead, Dr. Buffington's report offers only conclusory opinions purporting to cover seven different topics in less than three pages. The report cites no specific underlying facts, documents, publications, theories, or studies, but instead cites in a general fashion to "the relevant pleadings and available discovery" and the "available documentation and applicable law." (Doc. # 106-1 at 5-6). For example, Dr. Buffington's report states that he will opine that "Cobalt Pharmacy and its staff did not deviate from the prevailing standard of care for a Florida pharmacy." (<u>Id.</u> at 5). The report does not explain how or why Dr. Buffington reached this conclusion

---

Defendants represent that they "promptly rectified" this inadvertent omission. (Doc. # 110 at 7).

and – beyond generally alluding to the "relevant pleadings and available discovery" – there is no indication of what documents Dr. Buffington looked at in forming this opinion. All of the proffered opinions in the report suffer from similar infirmities. While the Paragon Defendants argue that the government must know the underlying facts due to its involvement in the investigation and discovery in this case, this reasoning does not suffice. An opposing party's familiarity with the case does not absolve a party of its obligations under Rule 26.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The non-disclosing party bears the burden of showing that the failure was substantially justified or harmless. Mitchell v. Ford Motor Co., 318 F. App'x 821, 824 (11th Cir. 2009). Substantial justification exists if there is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request," and a failure to disclose is harmless "when there is no prejudice to the party entitled to receive the disclosure." Hewitt v. Liberty Mut. Grp., Inc., 268 F.R.D. 681, 682-83 (M.D. Fla. 2010) (quotation and citation omitted).

In determining whether a failure to disclose evidence is substantially justified or harmless, courts are guided by the following factors: (1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence. Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC, 845 F. Supp. 2d 1241, 1250-51 (M.D. Fla. 2012).

Here, the Paragon Defendants have failed to meet their burden of showing that their failure to provide sufficient disclosures in Dr. Buffington's report was substantially justified or harmless. The requirements contained in Rule 26(a)(2)(B)(i)-(ii) are meant to prevent a party from having to "guess at what theories the [opposing party's] experts may pursue and which materials such experts may rely on in forming those opinions." Cedant v. United States, No. 19-24877-CIV, 2021 WL 2895714, at *5 (S.D. Fla. July 9, 2021). Dr. Buffington's expert report has given the United States very little to work with, forcing it to guess at what theories and materials Dr. Buffington may come forward with at trial. As the court in Cedant recognized, this is "highly prejudicial" to the government's ability to form its own case. See Id. What's more, the government pointed out that it alerted the Paragon Defendants to the fact that it found the expert report

6

deficient and gave them a month to cure the deficiency, which they did not do. (Doc. # 106 at 2). Finally, while Dr. Buffington's opinions are important to the Paragon Defendants' theory of the case, they have not given any sufficient explanation for why the disclosure was so inexcusably bare-bones or why they failed to have Dr. Buffington prepare an amended report.

That leaves the question of what sanction the Court should impose. The Court has broad discretion to fashion a remedy for violations of Rule 26, up to and including exclusion of an expert's testimony. See OFS Fitel, LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1344, 1363 (11th Cir. 2008) ("Under Rule 37(c)(1), a district court clearly has authority to exclude an expert's testimony where a party has failed to comply with Rule 26(a) unless the failure is substantially justified or is harmless."). In making this determination, the Court is also cognizant of the Paragon Defendants' request to provide a supplemental or amended expert report should the Court agree with the government that the existing report is insufficient. (Doc. # 110 at 7-8).

Federal Rule of Civil Procedure 26(e) provides that parties must supplement their disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1). With respect to expert witnesses, this duty to supplement extends to information included in the expert's report and "[a]ny additions or changes to

this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2).

Here, the deadlines for expert and fact discovery have already closed. The Paragon Defendants have been on notice for many months that the government found Dr. Buffington's expert report deficient and wished to have it stricken. In that intervening time, the Paragon Defendants have not worked to produce an amended report, which might have rendered the instant Motion moot. Instead, they chose to stand by a three-page expert report that clearly violated Rule 26(a)(2)(B)'s requirements that an expert report contain "a complete statement of all opinions the witness will express *and the basis and reasons for them* [and] *the facts or data considered* by the witness in forming them." See Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii) (emphasis added). Under these circumstances, it is appropriate to strike Dr. Buffington's expert report and exclude him from testifying as an expert in this matter.

Nor would late supplementation be appropriate. Rule 26(e) supplementation exists only "for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." All-Tag Corp. v. Checkpoint Sys., Inc., No. 9:17-CV-81261, 2019 WL 5073499, at *3 (S.D. Fla. Oct. 9, 2019) (finding that a "supplemental" expert report filed not to correct any existing information but merely to bolster an existing opinion was not permissible). Supplementation is not a device that

allows experts to engage in additional work, correct weaknesses in the initial report, or produce information in a belated fashion. <u>Great Lakes Ins. Se v. Rental Boat Corp.</u>, No. 20-60133-CIV, 2021 WL 1686926, at *2-3 (S.D. Fla. Mar. 1, 2021). Nor does it allow parties to cure a major omission in the report or remedy an expert's inadequate or incomplete preparation. <u>Id.</u> Thus, allowing such a substantive supplementation goes against the purpose and function of Rule 26(e).

Additionally, while the Federal Rules potentially give parties up to 30 days before trial to submit their supplemental reports pursuant to Rule 26(a)(3)(B) and (e)(2), this Court set different deadlines for expert disclosures in its Case Management and Scheduling Order. <u>See</u> Fed. R. Civ. P. 26(a)(3)(B) ("*Unless the court orders otherwise*, these disclosures must be made at least 30 days before trial." (emphasis added)); <u>see also</u> <u>All-Tag</u>, 2019 WL 5073499, at *4 (rejecting argument that supplemental expert submissions could be made up to 30 days before trial where the parties specifically agreed to, and the Court entered, specific expert discovery deadlines). Allowing an amended or supplemental report at this juncture would require the government to review the new report, depose Dr. Buffington, and potentially locate its own rebuttal expert witness, all of which would stall and delay this case.

Parties have an independent obligation to comply with the Federal Rules of Civil Procedure. The Paragon Defendants have been on notice for many months about the infirmities of Dr. Buffington's report and of the possibility that the Court could strike his report. The Paragon Defendants have not demonstrated that the report's shortcomings are substantially justified or harmless. Accordingly, the government's Motion is granted.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The United States of America's Motion to Strike Dr. Daniel E. Buffington's Expert Report and Exclude his Testimony (Doc. # 106) is **GRANTED.**

(2) Dr. Daniel E. Buffington's expert report is hereby stricken. Dr. Buffington shall not be allowed to testify at trial as a witness in this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of March, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE