UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

TOBIAS BACANER, M.D.;
TOBIAS & JILL BACANER
REVOCABLE TRUST;
THEODORE FERGUSON, II;
TIMOTHY FERGUSON;
PARAGON COMMUNITY
HEALTHCARE, INC.; and
COBALT PHARMACY, INC.,

      Defendants.
_____/

Case No.: 8:21-cv-391-VMC-SPF

## STIPULATED JUDGMENT AND PERMANENT INJUNCTION

THIS MATTER comes before the Court on the United States' complaint for a permanent injunction and civil penalties, Doc. 1, under the Controlled Substances Act, 21 U.S.C. § 801, et seq., against the defendants Tobias Bacaner, M.D., and the Tobias & Jill Bacaner Revocable Trust (collectively, the "Bacaner Defendants") and the stipulation of the parties to resolve the United States' claims on the terms described below.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation and in recognition of Tobias Bacaner, M.D.'s cooperation, the parties have reached a settlement of this matter, including the terms set forth below. This

1

stipulation is not an admission of liability by the Bacaner Defendants nor a concession by the United States that its claims are not well-founded.

Therefore, without adjudication or admission of any issue of fact or law and with the consent of the United States and the Bacaner Defendants, the Court hereby **ORDERS** as follows:

1. This Court has jurisdiction over the subject matter of this action under 21 U.S.C. §§ 842(c)(1)(a), 843(f)(2), and 882(a), as well as 28 U.S.C. §§ 1345 and 1355. The Bacaner Defendants consent to this Court's jurisdiction.

2. Venue is proper in this Court under 21 U.S.C. § 842(c)(1)(A) and 843(f)(2), as well as 28 U.S.C. §§ 1391(b), (c), (d) and 1395(a). The Bacaner Defendants consent to venue in this Court.

3. The Bacaner Defendants agree that the complaint states claims pursuant to the Controlled Substances Act, 21 U.S.C. §§ 829(a) and (b), 842(a)(1), 842(c)(1)(A), and 856. The complaint alleges:

   a. that Dr. Tobias Bacaner issued controlled substance prescriptions without a legitimate medical purpose and outside the usual course of professional practice in violation of 21 U.S.C. §§ 829(a) and (b), 842(a)(1), and 21 C.F.R. § 1306.04;

   b. that the Bacaner Defendants, through their ownership of Cobalt Pharmacy, Inc., distributed controlled substances while acting outside the usual course of the professional practice of pharmacy in violation of 21 U.S.C. § 842(a)(1) and 21 C.F.R. § 1306.06;

2

  c. By their ownership of Cobalt Pharmacy, Inc., the Bacaner Defendants knowingly used, managed, or controlled the premises located at 7135 State Road 52, Unite 103, Hudson, Florida 34667 for the purpose of unlawfully distributing controlled substances, in violation of 21 U.S.C. § 856; and

  d. that as a result of the foregoing the Bacaner Defendants should be enjoined.

4. The parties agree the complaint alleges these violations and injunctive relief in Counts I, II, III, and V, and that the Bacaner Defendants do not admit any fact, application of law, or liability for these allegations pursuant to this Stipulated Judgment and Permanent Injunction.

5. The parties recognize, and the Court by entry of this order finds, that this order has been negotiated by the parties, and that this order is fair, reasonable, and in the public interest.

6. The Clerk is directed to enter a judgment in favor of the United States and against Tobias Bacaner, M.D., in the amount of **$500,000.00** (the "Civil Penalty Amount"). The following shall apply to the Civil Penalty Amount:

  a. None of the Civil Penalty Amount is restitution;

  b. The Civil Penalty Amount is a debt to the United States as defined in the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. § 3001-08, and nothing in this order precludes the United States from taking action to collect the debt as authorized by law; and

    c. The United States agrees to waive pre-judgment interest on the Civil Penalty Amount.

    d. The Bacaner Defendants agree to pay the Civil Penalty Amount no later than 30 days after the entry of judgment pursuant to written instructions to be provided by the Department of Justice. The United States agrees to waive post-judgment interest and collection efforts during this period, provided that if the Bacaner Defendants do not satisfy the judgment in full within 30 days after it is entered, then the United States shall be entitled to recover post-judgment interest from the day of entry until the day of satisfaction and may begin collection efforts immediately after the payment period expires.

7. Tobias Bacaner, M.D., is hereby permanently restrained and enjoined under 21 U.S.C. § 843(f) and 882(a) from:

    a. prescribing, dispensing, administering, or distributing controlled substances;

    b. holding, applying for, or seeking renewal of a DEA certificate of registration for himself, for any other individual, or for any legal entity;

    c. managing, owning, controlling, operating, directing, supervising, or serving on the board any legal entity that administers, dispenses, or distributes controlled substances;

    d. working as an employee or independent contractor for a pain management clinic, a pharmacy, or any other entity that administers, dispenses, or distributes controlled substances, with the exception of a company with more than 50 employees;

    e. owning, operating, managing, or having an equity interest in (either personally or through an interest in a corporate entity, with the exception of any private employer stock plan or publicly traded company) any property where controlled substances are administered, dispensed, or distributed; and

    f. engaging in any conduct with respect to controlled substances that violates the Controlled Substances Act, 21 U.S.C. § 801, et seq.

8.     The Tobias & Jill Bacaner Revocable Trust is hereby permanently restrained and enjoined under 21 U.S.C. § 843(f) and 882(a) from:

    a. applying for or seeking renewal of a DEA certificate of registration on behalf of itself or any other legal entity;

    b. managing, owning, controlling, or operating any legal entity that administers, dispenses, or distributes controlled substances;

    c. owning, operating, managing, or having an equity interest in (either personally or through an interest in a corporate entity, with the exception of any private employer stock plan or publicly traded company) any property where controlled substances are administered, dispensed, or distributed; and

    d. engaging in any conduct with respect to controlled substances that violates the Controlled Substances Act, 21 U.S.C. § 801, et seq.

9. The terms "administer," "controlled substance," "dispense," and "distribute" are defined as set forth in 21 U.S.C. § 802.

10. The term "pain management clinic" is defined as set forth in Section 458.3265, Florida Statutes. Notwithstanding this definition based on Florida Statutes, the terms of this agreement and injunctive relief is not limited to the state of Florida and covers conduct in any jurisdiction of the United States.

11. The Bacaner Defendants' obligations under this order shall be in addition to, and not in derogation of, all requirements imposed on the Bacaner Defendants under all applicable federal, state, and local laws, including the requirements set forth in Title 21 of the United States Code and the regulations promulgated thereunder.

12. Through January 2027, Tobias Bacaner shall notify the United States Attorney's Office for the Middle District of Florida; and the Civil Division, Consumer Protection Branch, in writing within fifteen (15) business days of beginning employment with any entity that administers, dispenses, or distributes controlled substances, as defined in the Controlled Substance Act. The written notice shall specify the name, address, and telephone number of the employer, as well as the title of the employment position.

13. All notifications, correspondence, and communications required to be sent to the United States by the terms of this order shall be addressed to the United

States Attorney's Office for the Middle District of Florida, 400 N. Tampa St. Suite 3200, attn: ACE Coordinator; and Civil Division, Consumer Protection Branch, 450 5th Street, NW, Washington, DC 20001, attn: Opioid Coordinator. All communications shall reference the case name and civil action number.

14. The parties may, at any time, agree to reasonably extend any deadline provided in this order without seeking leave of the Court. Any such agreement shall not become effective unless and until such agreement is set out in writing and signed by counsel for both sides.

15. This order resolves only those claims alleged in the complaint and does not affect any other civil, criminal, or administrative claims that the United States may have or bring against the Bacaner Defendants.

16. In any criminal prosecution or administrative action that may be brought by the United States against the Bacaner Defendants relating to the conduct alleged in the Complaint, the Bacaner Defendants waive and shall not assert any defense based in whole or in part on a contention that such prosecution or action is barred under the Double Jeopardy Clause of the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution.

17. If the United States files and prevails in a contempt action to enforce the terms of this order, the Bacaner Defendants shall, in addition to other remedies, reimburse the United States for its attorneys' fees and costs, travel expenses incurred by attorneys and witnesses, and court costs relating to such contempt proceedings.

18. Each party shall bear its own legal fees and costs.

19. The Bacaner Defendants represent that they freely and voluntarily enter into this order without any degree of duress or compulsion.

20. This order describes the complete understanding and agreement of the parties as to the complaint and shall be interpreted by the Court within its four corners, without consideration of any alleged collateral agreements.

21. Any changes or modifications to the order must be in writing and signed by all parties and entered by the Court, with the exception of any extension granted in writing under Paragraph 14.

22. This Court retains jurisdiction over this action and the parties thereto for the purpose of enforcing and modifying this order and for the purpose of granting such additional relief as may be necessary or appropriate.

SO ORDERED, this __26__ day of ___July___ 2022.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE